## JOHN J. BURKE, TRUSTEE
*vs.*
## JAMES M. CASSIDY ET UX.

Court of Common Pleas    Hartford County    File No. 44212

MEMORANDUM FILED NOVEMBER 8, 1944.

*Nathan Hillman,* of Hartford, for the Plaintiff.

*Beach & Calder,* of Bristol, for the Defendant Marion L. Cassidy.

FITZGERALD, J. The plaintiff is the duly appointed and qualified trustee in bankruptcy of the estate of the defendant James M. Cassidy, who was adjudged a bankrupt in the United States District Court for the District of Connecticut on November 12, 1943. In such capacity the plaintiff brings this action to have set aside and declared null and void a con-

veyance from the defendant husband to the defendant wife of a small tract of land in Plainville with a three-room house thereon.

Certain aspects of the case require a brief recital.

On March 5, 1942, William Cassidy, father of the defendant husband, deeded the property in question to his son. This conveyance or transfer was without a monetary consideration. The father testified, and the court finds, that it was his intention that the transfer inure to the benefit of his son's small children. The deed was recorded on the same day. It was informally drawn in longhand (Exhibit B) and witnessed by the son and his mother. No attorney participated in the transaction.

In February, 1943, the defandants separated and the children of the marriage, now four in number, remained with their mother, who is referred to herein as the defendant wife. On April 2, 1943, the defendant husband deeded the property in question to the defendant wife (Exhibit C) in trust, however, for the children of their marriage. This deed was recorded on the following day and was prepared by an attorney. This transfer was without a monetary consideration. The court finds, however, that the transfer was made to accomplish the intention of the father of the defendant husband which was not given effect by the deed of March 5, 1942.

On November 10, 1943, the defendant husband prepared a voluntary petition in bankruptcy and was adjudged a bankrupt two days later. In that petition it appears that the defendant husband was then employed; that his occupation was that of a boiler room fireman; and that the income derived from his occupation during each of the two years prior thereto was $3,000. It further appears therein that his total obligations amounted to $2,001.05 of which $1,679.65 represented unsecured claims; and that his only asset was a 1936 Ford carried at $100. Page two of the schedule contains a reference to the deed of trust of April, 1943, and places a value of $700 on the property.

In passing the court observes that Exhibit A discloses that the bulk of the defendant husband's obligations seem to have been incurred prior to 1942 when he acquired record ownership of the property from his father. It follows, therefor, that the majority of the creditors did not advance credit to the

defendant husband on the strength of his record ownership of the property in question.

On the evidence the court cannot find that the transfer of April 2, 1943, was for the purposes alleged in paragraph 5 of the plaintiff's complaint—"intent to hinder, delay or defraud the creditors of" the defendant husband. So also the court cannot find, as alleged in paragraph 6 of the complaint, that the defendant husband at the time of the transfer was "insolvent" and that in accepting the transfer the defendant wife entered into a conspiracy with her husband.

Conversely, the court does find the allegations pleaded specially by the defendant wife are true, namely, the original intention of the grandfather that his grandchildren benefit but which intention had not been effectuated by his deed of March 5, 1942, and the deed of April 2, 1943, was for the purpose of effecting a correction of record. In short, the fact that there was no monetary consideration at any time for the conveyance in question (from father to son, from son to his wife in trust for their children) is not deemed to be fatal on the subordinate facts of the case. Hence the broad provisions of the Bankruptcy Act [§67 subd. d(2), 11 U.S.C.A. §107, subd. d(2), 4 *Collier, Bankruptcy* (14th ed. 1942) p. 284] relied upon by the plaintiff are not controlling. The plaintiff has not satisfied the court (a) that the defendant husband was rendered insolvent by the transfer of April 2, 1943, or (b) was left with unreasonably small capital, or (c) intended to incur or believed he would incur debts beyond his ability to pay, or (d) had any actual intent to defraud. See *Barr & Creelman Mill & Plumbing Supply Co. vs. Zoller,* 109 Fed. (2d) 924, 926.

The defendant wife, on the other hand, has satisfied the court by the requisite burden of proof respecting matters alleged in her special defense.

Judgment may enter accordingly.